FILED
United States Court of Appeals
Tenth Circuit

July 3, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

MISAEL BENITEZ RAMIREZ, a/k/a
Misael Benitez-Ramirez, a/k/a Edwin
Nelson Sorto, a/k/a Misael Ramirez, a/k/a
Misael Benitez, a/k/a Edwin Gomez-
Ramirez,

Defendant–Appellant.

No. 12-5211
(D.C. No. 4:12-CR-00144-CVE-1)
(N.D. Okla.)

ORDER AND JUDGMENT*

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

Defendant Misael Benitez Ramirez pled guilty to illegally reentering the United

States after deportation and was sentenced to a fifty-seven-month term of imprisonment.

On appeal, Defendant contends the district court erred in referring to purported facts

---

* This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

outside of the record in announcing its sentencing decision.

After Defendant entered his plea of guilty, a presentence report was prepared that calculated an advisory guideline range of fifty-seven to seventy-one months' imprisonment. Defendant did not file any objections to the PSR, but he requested a downward departure on the bases that the sixteen-level enhancement he received under U.S.S.G. § 2L1.2 was unduly harsh and his criminal history was otherwise overstated. He also requested a downward variance based mainly on his personal history and characteristics and the non-violent, victimless nature of the illegal reentry offense.

At the sentencing hearing, the district court accepted the PSR as its findings of fact and heard arguments from Defendant and his attorney. The court then denied Defendant's motion for a downward departure. The court stated:

> [Defendant] argues that the 16-level enhancement at paragraph 12 of the presentence report for a prior felony conviction that is a crime of violence unfairly constitutes double counting. The court has considered these factors and finds that the defendant's conviction for force, assault with a deadly weapon, not a firearm, great bodily injury, qualifies as a crime of violence under sentencing guidelines section 2L1.2 and is a very serious offense. His prior offense involved the defendant hitting the victim in the face with a beer bottle and a metal chain causing permanent vision damage and stealing the victim's jacket and backpack.

(R. Supplemental Vol. I, Sent. Tr. at 9.) The court also noted this offense occurred while Defendant "was serving five terms of probation for three convictions of battery, one conviction of fighting in a public place, and one conviction of assault." (*Id.*) Thus, "[t]he defendant's criminal history shows a pattern of engaging in violence against others." (*Id.*) The court further noted Defendant's criminal history computation did not fully

-2-

represent his numerous violence convictions, since U.S.S.G. § 4A1.1(c) limited the number of countable criminal history points. For all of these reasons, the court rejected Defendant's argument that his criminal history was overstated and denied his motion for a downward departure. The court also rejected Defendant's motion for a downward variance, concluding that "there are no factors present that separate this defendant from the mine run of similarly situated defendants in similar cases." (R. Supplemental Vol. I, Sent. Tr. at 10.) Considering all of the 18 U.S.C. § 3553(a) factors, the court held that a sentence at the bottom of the advisory guidelines range was appropriate, and the court therefore imposed a fifty-seven-month sentence.

Defendant's arguments on appeal are based on the district court's description of Defendant's prior offense as "involv[ing] the defendant hitting the victim in the face with a beer bottle and a metal chain causing permanent vision damage and stealing the victim's jacket and backpack." (R. Supplemental Vol. I, Sent. Tr. at 9.) The PSR states, as the factual basis for Defendant's prior state court conviction for "Force/Assault with Deadly Weapon (Not a Firearm): Great Bodily Injury" (R. Vol. II at 8), that Defendant and another individual approached the victim at a train station; Defendant began yelling profanities at the victim, then struck him in the face with a beer bottle; and after the other individual joined in the attack, the victim dropped his backpack and jacket, which Defendant and the other individual grabbed before fleeing the scene. Notably, the PSR does not state that Defendant hit the victim with a metal chain, nor does it report the attack caused permanent vision damage as the district court described. The source and

-3-

veracity of these purported details is unclear from the record on appeal. Defendant thus

argues the court violated his Rule 32(i)(1)(C) right to comment on "other matters relating

to an appropriate sentence," Fed. R. Crim. P. 23(i)(1)(C), and otherwise committed

procedural error in considering these extra-record "facts" at sentencing without first

providing Defendant with notice or an opportunity to comment.

Where the district court commits a procedural error in sentencing, including a

violation of a defendant's Rule 32 right to comment on sentencing-related matters,

"resentencing is required only if the error was not harmless; that is, if the error affected

the court's selection of the sentence imposed." *United States v. Cerno*, 529 F.3d 926, 939

(10th Cir. 2008); *see also United States v. Garcia*, 78 F.3d 1457, 1465 (10th Cir. 1996)

(applying harmless error standard to the district court's failure to provide a Rule 32

opportunity to comment). "Harmlessness must be proven by a preponderance of the

evidence, and the burden of making this showing falls on the beneficiary of the error—in

this case, the government." *Cerno*, 529 F.3d at 939.[1]

---

[1] The government argues we should review instead for plain error because Defendant failed to raise an objection below. Defendant argues in response that an objection is not required to preserve a Rule 32(i) argument for review, citing for support to our opinion in *United States v. Edgin*, 92 F.3d 1044, 1049 (10th Cir. 1996), in which we concluded that because the defendant "was afforded no notice of or opportunity to comment on the special condition" the district court imposed, his "attack on the special condition was not waived by the failure to assert it below." Moreover, the unforeseeable error doctrine provides that "a defendant is not required to object when the sentencing court commits an error that the defendant cannot be expected to anticipate." *United States v. Martinez-Barragan*, 545 F.3d 894, 899 (10th Cir. 2008) (citing *United States v. Begay*, 470 F.3d 964, 976 (10th Cir. 2006)). To the extent the unforeseeable error doctrine remains good law—a question this circuit has yet to resolve, *see id.* at 899

We conclude any error the district court committed in this case was harmless, and we therefore affirm the district court's decision. We are persuaded by a preponderance of the evidence that the district court's consideration of the extra-record facts did not affect the court's selection of the sentence imposed. Although the record does not include a factual basis for the district court's statements that Defendant attacked the victim with a metal chain and caused permanent vision damage, the PSR does state that Defendant pled guilty to "Force/Assault with Deadly Weapon (Not a Firearm): Great Bodily Injury." (R. Vol. II at 8.) Thus, while the type of "great bodily injury" is unspecified in the PSR, the PSR nevertheless clearly indicates this was a violent offense that caused a serious injury. Moreover, the PSR details several other violent crimes Defendant was convicted of over the years, including an offense in which he requested his aunt, then eight months pregnant, to let him enter her house to hide from the police and, when she refused, punched her in the head, causing her to fall backwards into the house. (R. Vol. II at 7; *see also* R. Vol. II at 6-9 (describing three convictions for battery, another conviction for assault, and one conviction for resisting officers who had responded to a "domestic in progress" call).) Additionally, we note the court recited the contested extra-record facts only in denying Defendant's motion for a downward departure—it did not mention these purported facts in denying the motion for a downward variance or selecting the ultimate

n.1—it would seem applicable to the alleged error in this case. However, we need not resolve the disputed issues regarding the governing standard of review in this case; our reasons for affirming under harmless error review would apply *a fortiori* if we reviewed only for plain error.

sentence imposed.  And nothing about the court's explanation suggests the extra-record facts played a decisive role in its denial of the downward departure, much less in the denial of the downward variance and selection of the sentence imposed.  Considering all of the circumstances of this case, we are persuaded by a preponderance of the evidence that the district court would have selected the same sentence if it had considered only the record evidence of Defendant's serious violent criminal history.  Thus, any error in the district court's consideration of extra-record facts and its corresponding failure to provide Defendant with an opportunity to comment on these facts was harmless.  We accordingly **AFFIRM.**

Entered for the Court

Monroe G. McKay
Circuit Judge